UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAMBRIA SHARP, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:17-CV-127 |
| | ) |
| F.A.S.T. GLOBAL MARKETING, INC., | ) |
| and TOFIQ BOLWALA, | ) |
| | ) |
| Defendants. | ) |

COMPLAINT

Plaintiff, Cambria Sharp ("Sharp"), brings claims against Defendants, F.A.S.T. Global Marketing, Inc. ("Company") and Tofiq Bolwala ("Bolwala"), and shows as follows:

**OVERVIEW**

1. This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA") and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("Indiana Minimum Wage Law of 1965"). Defendants violated the FLSA by failing to pay Sharp the minimum wage required by federal law. Moreover, Defendants violated the FLSA by failing to pay Sharp the overtime premium required under federal law. Sharp pleads violations of the Indiana Minimum Wage Law of 1965 in the alternative.

**PARTIES**

2. Sharp is an individual who, at all relevant times, resided in Marion or Hamilton County, Indiana. She was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Sharp

was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Moreover, Sharp was an employee as defined by I.C. §22-2-2-3.

3. Defendants are an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r). Alternatively, Sharp's work regularly involved commerce between states. Moreover, Defendant Company and Defendant Bolwala are "employers" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or or more employees at all times relevant to the events described in this Complaint.

4. At all times hereinafter, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000

## JURISDICTION

5. This Court has jurisdiction over Defendants pursuant to 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Sharp's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

6. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## FACTS

7. Sharp was hired by Defendants on or about November 2016.

8. Sharp was employed in a sales capacity. Sharp was not engaged in outside sales.

9. Defendants have a main office located in downtown Indianapolis. However, Defendant uses various locations as satellite locations to sell products on behalf of their customers.

10. These satellite offices are in Marion and the surrounding counties.

11. Defendants purport to hold Sharp and her co-workers out as independent contractors. However, Defendants provide training to each new hire, dictates the process by which sales are to be made, and tells each contractor the satellite office they must work in each day. The location can change from day to day at Defendants' sole discretion.

12. Moreover, Defendants withheld taxes from the Sharp's two pay checks she has received to date.

13. Sharp's regular routine required her to arrive at the main office in downtown Indianapolis by 8:30 am each day.

14. After various meetings, Sharp was sent to the field to her designated location.

15. Upon completion of the assignment, Sharp returned to the office where further work was conducted.

16. The typical Monday Sharp worked from 8:30 a.m. until 9:30 p.m.

17. The typical Tuesday Sharp worked from 8:30 a.m. until 9:30 p.m.

18. The typical Wednesday Sharp worked from 8:30 a.m. until 9:30 p.m.

19. The typical Friday Sharp worked from 8:30 a.m. until 9:30 p.m.

20. The typical Thursday Sharp worked from 8:30 a.m. until 9:30 p.m. Thereafter, the sales 'crew' were required to go to a local bar and interact with their co-workers until late. Sharp typically attended these events until 1 am in the morning.

21. Defendants never paid Sharp minimum or overtime wages.

22. As of the date this Complaint was filed, Defendants paid Sharp less than $400 in wages

23. Sharp worked for Defendant through December 31, 2016.

24. Bolwala was responsible for calculating the wages that Sharp was paid and paying Sharp. Bolwala handled all of Defendant Company's payroll matters.

25. Sharp has suffered financial harm as a result of Defendants' conduct.

## **LEGAL COUNTS**

### **COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

26. Sharp incorporates paragraphs 1 – 25 herein.

27. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the minimum wage or overtime requirements of the FLSA.

28. Sharp was not paid minimum or overtime wages.

29. Sharp was harmed by Defendants' unlawful willful and/or reckless conduct.

### **COUNT II: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965**

30. Sharp incorporates paragraphs 1 – 29 herein.

31. Sharp pleads her minimum wage and overtime claims in the alternative.

32. At all relevant times Defendants violated and are violating the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing and refusing to pay Sharp at the required minimum wage for all hours worked.

35. At all relevant times Defendants violated and are violating the Indiana Minimum Wage Law of 1965's overtime wage provisions by failing and refusing to pay Sharp overtime wages for hours worked in excess of forty (40) hours per week.

36. Defendants' conduct is willful, reckless, or indifferent to Sharp's rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to find in her favor and award her the following relief:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b. An order awarding Plaintiff unpaid wages and any applicable penalties under Indiana law;

c. An Order awarding Plaintiff the costs of this action;

d. An Order awarding Plaintiff her attorney's fees;

e. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA and Indiana law by failing to comply with the minimum wage and overtime requirements of the FLSA and Indiana law; and

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN 46240
Tel: (317) 500-0700

Fax: (317) 732-1196  
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff